UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kelsey Weyer,<br><br>    Plaintiff,<br>vs.<br><br>Reliance Standard Life Insurance Company,<br><br>    Defendant. | Case No. 0:21-cv-2302<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Reliance Standard Life Insurance Company may be found in this district. In particular, Reliance Standard Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant Reliance Standard Life Insurance Company insures the employee benefit plan ("Plan") that Denver Health and Hospital Authority created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Reliance Standard Life Insurance Company is a corporation organized and existing under the laws of the State of Pennsylvania and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Denver Health and Hospital Authority and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number LTD 129185 which was issued by Reliance Standard Life Insurance Company to Denver Health and Hospital Authority to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Reliance Standard Life Insurance Company both funds the Plan and decides whether participants will receive benefits under

the Plan. Accordingly, Reliance Standard Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Reliance Standard Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Under the Plan, participants meeting the definition of "disabled" are also eligible for continuation of life insurance coverage, and a waiver of premiums for such life insurance coverage.

13. Plaintiff became disabled under the terms of the Plan's policy on or about April 11, 2018 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Plaintiff submitted a timely claim to Reliance Standard Life Insurance Company for disability benefits.

15. Reliance Standard Life Insurance Company granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until October 18, 2019. However, on October 19, 2019 Reliance Standard Life Insurance Company cancelled Plaintiff's disability benefits. Plaintiff appealed Reliance Standard Life Insurance Company's decision, but Reliance Standard Life Insurance Company denied Plaintiff's appeal on March 13, 2020. Plaintiff filed a further appeal, which Reliance Standard Life Insurance Company denied on September 21, 2021.

16. Plaintiff provided Reliance Standard Life Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

17. The medical evidence Plaintiff provided included a narrative report from Dr. Julie M. Barter.

18. Dr. Julie M. Barter concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

19. Dr. Julie M. Barter specifically opined that Plaintiff

> [I]s completely disabled, but my findings are suggestive of metabolic and immune derangements with toxic insult rather than

frank infectious processes. . . . In summation, my medical opinion differs markedly from the conclusion reached by Dr. Gabriela Kaufman. In my opinion, Mrs. Weyer was 100% disabled at the time of my initial in-person examination of her on 9.2.2020. The sudden and unpredictable flares in exhaustion and cognitive dysfunction preclude safe and effective performance of her prior duties as a social worker. . . . Mrs. Weyer meets the [] criteria for [chronic fatigue syndrome] as of April 2017 and has enjoyed no significant gains in health or ability to perform normal work, personal or social activities since. . . . In my medical opinion having treated many patients with similar levels of disability regardless of the causes, Mrs. Weyer will continue to be disabled for the foreseeable future.

20. The medical evidence Plaintiff also provided included a narrative report from Dr. Nathan Kung.

21. Dr. Nathan Kung also concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

22. Dr. Nathan Kung specifically opined,

I disagree with Reliance Standard's conclusion that Ms. Weyer could work as a Social Worker as of 10/8/20. Ms. Weyer continues to present with chronic migraines almost daily despite ongoing treatment. Ms. Weyer can easily experience headaches and/or migraines 5 out of 7 days a week. Common triggers for her migraines are screen time such as looking at a computer screen or technology, reading and/or writing, cognitive effort, and driving. Ms. Weyer is unable to work when experiencing a migraine. Ms. Weyer also experiences poor concentration and focus, brain fog and visual distortions all of which make it difficult for Ms. Weyer to drive a car, follow a conversation, follow instruction, use a computer, or stay on task. These Symptoms can easily infringe on Ms. Weyers ability to accurately assess someone else's mental health status, conduct individual or family therapy, or provide sound and beneficial support to patients and their families. Ms. Weyer's fatigue

5

is also chronic and debilitating. Even if Ms. Weyer is sitting, she still requires sleep and/or rest throughout the day. Ms. Weyer is not capable of working 8 hours a day 5 days a week. Currently, with Ms. Weyers presenting symptoms it is my opinion that she is unable to work as a social worker or in any capacity at this time.

23. The medical evidence Plaintiff also provided included a narrative report from Dr. Theodore Henderson.

24. Dr. Theodore Henderson also concluded Plaintiff was unable to work, even in a sedentary job, because Plaintiff could not sustain sedentary exertion throughout a full-time work schedule.

25. Dr. Theodore Henderson specifically stated,

[Plaintiff] cannot be employed for any position that requires thinking, concentration, intact memory, prolonged reading or writing, physical activity beyond 15 minutes of walking, or the expectation of being able to commute to work, walk from the parking lot, or work more than 2-3 hours per day. I agree with Dr. Kaufman [Reliance's own peer reviewing physician] that she cannot work full-time. I further agree with Dr. Kaufman that Ms. Weyer may never recover.

26. While Defendant has the authority to make claims determinations under applicable law and the language of the Policy, Reliance Standard Life Insurance Company's determinations as Plan Fiduciary are not entitled to deference and the review of any benefits determinations must be made *de novo*.

27. As a full de novo review of this decision and the evidence in the claim file is required by statute, this Court may not abrogate its duty to perform such a review. Any failure to provide such a review would violate the US

6

Constitution and deprive Plaintiff of constitutional rights, including Article III and under principles of separation of powers, amongst others.

28. If the Court determines that an arbitrary and capricious standard of review applies to this case rather than a *de novo* standard, Reliance Standard Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

    a. Reliance Standard Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

    b. Reliance Standard Life Insurance Company relied on the opinion of a medical professional who was financially biased by his/her relationship with Reliance Standard Life Insurance Company and as such unable to offer an unbiased opinion;

    c. Reliance Standard Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

  d. Reliance Standard Life Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physicians;

  e. Reliance Standard Life Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

  f. Reliance Standard Life Insurance Company ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

29. Under the terms of the Plan, Reliance Standard Life Insurance Company's denial of Plaintiff's benefits was clearly unreasonable and without basis.

30. The decision to deny benefits was wrong under the terms of the Plan.

31. The decision to deny benefits was not supported by substantial evidence in the record

32. In the alternative, Reliance Standard Life Insurance Company abused its discretion in denying Plaintiff's claim.

33. Reliance Standard Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

34. Reliance Standard Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those

benefits from October 19, 2019 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

35. Reliance Standard Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

36. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Reliance Standard Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:
1. A finding in favor of Plaintiff against Defendant;
2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;
3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits, including but not limited to reinstatement of Plaintiff's life insurance coverage and a waiver of premiums;
5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present;
6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;
7. Reasonable costs and attorneys' fees incurred in this action; and
8. Any other legal or equitable relief the Court deems appropriate.

Dated: October 18, 2021.   RESPECTFULLY SUBMITTED,

By: /s/ Blake Bauer

Blake Bauer (MN Bar # 0396262)
Zachary Schmoll (MN Bar # 0396093)
**FIELDS LAW FIRM**
9999 Wayzata Blvd
Minnetonka, MN 55305
Office: 612-370-1511
Blake@Fieldslaw.com
Zach@Fieldslaw.com

*Attorneys for Plaintiff*